IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED
2017 SEP 13 PM 1: 18
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

| | |
|---|---|
| UNITED STATES OF AMERICA | INDICTMENT |
| v. | Case No. 17 CR 091 WMC |
| STEPHANIE M. JOHNSON,<br>a/k/a STEPHANIE HEIDTKE, | 26 U.S.C. § 7202<br>18 U.S.C. § 1341 |
| Defendant. | |

THE GRAND JURY CHARGES:

### COUNTS 1-10

### Background

1. At times material to this indictment:

    (a) Paradigm Services, Inc. (PSI or the company) was an S corporation formed in 2006 and began operating in 2008. PSI provided group homes and home health care to adult individuals with developmental disabilities, traumatic brain injuries, and mental illnesses. PSI's office and the homes it operated where located in and around New Richmond, Wisconsin, which was within the Western District of Wisconsin.

    (b) Defendant STEPHANIE M. JOHNSON cofounded PSI with a partner, J.C. Defendant JOHNSON served as vice president and treasurer of the company and she owned 50 percent of the stock of the company, while J.C. owned the remaining 50 percent. JOHNSON managed the day-to-day

1

bookkeeping for PSI, as well as the employee paperwork, payroll, and human resources. In her capacity as the bookkeeper at PSI, JOHNSON's responsibilities included: (1) making accounting entries in QuickBooks, the accounting software used by the company; (2) preparing the payroll; (3) preparing the employee W-2 forms and submitting them annually to the Social Security Administration; and (4) preparing the quarterly 941 employment tax forms and paying the employee withholding and employment taxes to the IRS.

2. The Internal Revenue Service was an agency of the United States Department of Treasury and was responsible for administering and enforcing the tax laws of the United States, including the ascertainment, computation, assessment, and collection of taxes from companies and individuals.

3. During the period July 2011 through January 2014 defendant JOHNSON caused PSI to make thousands of dollars of expenditures for her personal benefit while, at the same time, failing to pay over to the Internal Revenue Service payroll tax withheld from PSI's employees' paychecks.

<u>Employment Tax Withholding</u>

4. At times material to this indictment, PSI withheld taxes from its employees' paychecks, including federal income taxes, Medicare and Social Security taxes (often referred to as Federal Insurance Contribution Act or "FICA" taxes). These taxes will be referred to in this indictment collectively as "payroll taxes." PSI was required to deposit periodically the payroll taxes to the Internal Revenue Service. In addition, PSI was required to file, following the end of each

calendar quarter, an Employer's Quarterly Federal Income Tax Return (Form 941), setting forth the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of social security and Medicare taxes due, and the total tax deposited to the Internal Revenue Service.

5. As co-owner and manager of PSI's finances, JOHNSON was a "responsible person," that is, she had the corporate responsibility to collect, truthfully account for, and pay over PSI's payroll taxes.

6. Throughout the calendar years 2011, 2012, and 2013, PSI withheld tax payments from its employees' paychecks. However, Johnson, as the responsible person at PSI, made none of the required payroll tax payments to the Internal Revenue Service from July 2011 through January 2014.

7. Beginning in 2011 through the end of 2014, JOHNSON further failed to file quarterly employment tax returns (Forms 941) with the Internal Revenue Service. Each Form 941 was due to be filed at the end of the month following the end of each calendar quarter. For example, the Form 941 for the Third quarter of 2011 was due on or before October 31, 2011, because the third calendar quarter ended on September 30, 2011.

Failure to Account For and Pay Over Employment Tax

8. Beginning on or about October 31, 2011, and continuing up to and including on or about January 31, 2014, in the Western District of Wisconsin, the defendant, STEPHANIE M. JOHNSON, did willfully fail to truthfully account for and pay over to the Internal Revenue Service all payroll taxes due and owing to the United States on behalf of PSI and its employees, for each of the following quarters, with each calendar quarter constituting a separate count of this indictment:

| COUNT | QUARTER | PAYROLL TAX DUE |
| --- | --- | --- |
| 1 | Third of 2011 | $24,409.41 |
| 2 | Fourth of 2011 | $24,376.42 |
| 3 | First of 2012 | $19,601.92 |
| 4 | Second of 2012 | $23,854.84 |
| 5 | Third of 2012 | $19,627.18 |
| 6 | Fourth of 2012 | $23,580.87 |
| 7 | First of 2013 | $22,842.22 |
| 8 | Second of 2013 | $27,340.41 |
| 9 | Third of 2013 | $26,570.73 |
| 10 | Fourth of 2013 | $28,323.66 |
| TOTAL | | $240,527.66 |

(All in violation of Title 26, United States Code, Section 7202).

## COUNTS 11-15

1.	Paragraphs 1 through 3 of Counts 1-10 are incorporated here.

2.	During the period beginning in or about September 2009, and continuing to in or about February 2016, in the Western District of Wisconsin and elsewhere, the defendant,

STEPHANIE M. JOHNSON,

knowingly, and with the intent to defraud, devised a scheme to defraud PSI, and to obtain money and property by means of materially false and fraudulent pretenses, representations, omissions, and promises made to others, including PSI's co-owner and PSI's accountants.

3.	It was part of the scheme to defraud that JOHNSON misappropriated money from PSI. PSI maintained a corporate bank account at Royal Credit Union (RCU), Eau Claire, Wisconsin. PSI also maintained a corporate bank account at Westconsin Credit Union (WCU), Menomonie, Wisconsin. JOHNSON, JOHNSON's then-husband J.H., and J.C. had VISA debit cards, which drew funds from PSI's RCU bank account. JOHNSON, J.H., and J.C. also had MasterCard debit cards, which drew funds from PSI's WCU bank account. JOHNSON used PSI debit cards issued in her name, in J.H.'s name, and J.C.'s name to pay for personal items and expenses for herself and her family. JOHNSON used the PSI debit cards to pay for meals, entertainment, concerts, clothing, and consumer items from Amazon.com and other retailers all of which was solely for her personal use or for her family's use. The consumer items

5

JOHNSON purchased for herself and her family were often delivered to PSI's office by a private and commercial interstate carrier.

4. It was further part of the scheme to defraud that JOHNSON concealed and disguised her payments for unauthorized personal expenses by using her position at PSI to gain access to and control of PSI's books and records which were made using QuickBooks accounting software and to falsely code the payments as business expenses in the following ways: (a) JOHNSON miscoded personal expenses as "office supplies" of the company; (b) JOHNSON miscoded personal expenses as "client cares" expenses of the company; (c) JOHNSON miscoded personal expenses as "gifts" expenses of the company; and (d) JOHNSON miscoded personal expenses as "household supplies" expenses of the company.

5. It was further part of the scheme to defraud that JOHNSON attempted to conceal her embezzlement by maintaining control of PSI's RCU and WCU bank statements and books and records. JOHNSON instructed PSI employees to allow her to review incoming mail before anyone else. JOHNSON removed PSI's bank statements from the mail and maintained them in her office. JOHNSON maintained the books and records of PSI using QuickBooks. JOHNSON kept the QuickBooks books and records on password-protected computer that other employees could not access.

6. It was further part of the scheme to defraud that JOHNSON attempted to conceal her embezzlement by falsely representing to PSI's

6

accountants that the embezzled funds had been used to pay for PSI's business expenses, when in fact, JOHNSON had used the funds for her personal expenses.

7. It was further part of the scheme to defraud that JOHNSON embezzled approximately $197,230.64 from PSI as a result of her fraudulent conduct.

## Mailings

8. On or about the dates listed below, in the Western District of Wisconsin and elsewhere, the defendant,

STEPHANIE M. JOHNSON,

for the purpose of executing or attempting to execute the above-described scheme, knowingly caused to be placed in an authorized depository items to be delivered by a private and commercial interstate carrier, as follows:

| COUNT | DATE | NATURE OF MAILING |
|---|---|---|
| 11 | October 16, 2012 to October 18, 2012 | The defendant caused to be delivered by United Parcel Service according to the directions thereon, a package containing a chest, nightstand, and dresser, purchased with PSI's RCU Visa debit card in the amount of $914.70, from a facility in Mexico, MO to PSI's address in New Richmond, WI. |
| 12 | December 14, 2012 to December 20, 2012 | The defendant caused to be delivered by United Parcel Service according to the directions thereon, a package containing a |

| | | |
|---|---|---|
| | | LEGO set, purchased with PSI's RCU Visa debit card in the amount of $159.46, from a facility in El Monte, CA to PSI's address in New Richmond, WI. |
| 13 | May 22, 2013 to May 23, 2013 | The defendant caused to be delivered by United Parcel Service according to the directions thereon, two packages containing two Tetromino area rugs, purchased with PSI's RCU Visa debit card in the amount of $401.97, from a facility in White, GA to PSI's address in New Richmond, WI. |
| 14 | December 15, 2014 to December 17, 2014 | The defendant caused to be delivered by United Parcel Service according to the directions thereon, a package containing three Nintendo video games, purchased with PSI's RCU Visa debit card in the amount of $286.62, from a facility in West Columbia, SC to PSI's address in New Richmond, WI. |
| 15 | October 15, 2015 to October 16, 2015 | The defendant caused to be delivered by FedEx, according to the directions thereon, a package containing a miniature electric scooter, purchased with PSI's RCU VISA debit card in the amount of $279.55, from an Amazon.com facility in Spartanburg, SC to PSI's address in New Richmond, WI. |

(All in violation of Title 18, United States Code, Section 1341).

A TRUE BILL

_____
PRESIDING JUROR

*[signature]*

JEFFREY M. ANDERSON
Acting United States Attorney

Indictment returned: 9-13-17