IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

     v.                                  17-cr-91-wmc-1

STEPHANIE M. JOHNSON,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Stephanie M. Johnson's supervised release was held on September 21, 2022, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Chad Elgersma. Defendant was present in person and with counsel, Alex Vlisides. Also present was Senior U.S. Probation Officer Traci L. Jacobs and U.S. Probation Officer Brad Schalow.

FACTS

From the record, I make the following findings of fact. After an unsatisfactory period of pretrial supervision that included defendant's refusal to attend mental health counseling and failure to submit required Internal Revenue Service (IRS) Form 941, Employer's Quarterly Federal Tax Return, the defendant was sentenced on August 7, 2018, in this district. Specifically, the defendant was convicted of: failure to pay payroll taxes in violation of 26 U.S.C. § 7202, a Class D felony; and mail fraud in violation of 18 U.S.C. § 1341, a Class C felony. The defendant was then committed to the custody of the Bureau of Prisons to serve a total term of imprisonment of 30 months, with a three-year term of supervised release to follow, as well as an order to pay a total of $1,570,439.84 in restitution.

As for her violations on pretrial supervision, the defendant admitted she had "doctor shopped" for mood-altering substances prescription medications, abused those prescription medications, and purchased additional prescription medications from non-medical providers for both her personal use and to cover up her drug abuse. Even though she was not enrolled in the BOP's Residential Drug Abuse Program during her subsequent incarceration, her supervision conditions were modified to require her to participate in drug and alcohol treatment and testing upon her transition back into the community to address these concerns.

The defendant began her term of supervised release on January 25, 2021, and to her credit appears to have managed her drug addiction, but almost wholly failed to make ordered, monthly restitution installment payments. As a result, the defendant has violated the financial condition to pay mandatory restitution as ordered in the amount of $300,601.12 to the U.S. Clerk of Court for the Western District of Wisconsin to be disbursed to Jammie Carufel at an address provided to the Clerk's Office. Under 18 U.S.C. § 3664(f)(3)(B), she was also to begin making nominal payments of a minimum of $250 each month, beginning within 30 days of her release. The defendant was further ordered to pay $1,269,838.72 in discretionary restitution according to the provisions of the Victim Witness Protection Act (WVPA) of 1982 and 18 U.S.C. § 3663(a)(3), and directed to make minimal monthly payments of $300 to the U.S. Clerk of Court for the Western District of Wisconsin. Yet between February 24 and December 1, 2021, and April 1 through August 31, 2022, defendant failed to pay her court-ordered restitution. She also failed to make any restitution payments in February, March, May, July, August, October, and November 2021; and again, in April, May, and July 2022. Defendant also failed to make other restitution payments as ordered in April, June, and September 2021, as well as June and August 2022.

2

In addition, on October 27, 2021, defendant, representatives from the U.S. Attorney's Financial Litigation Unit, and her supervising probation officer met to discuss defendant's income, review her expenditures, and evaluate her ability to pay her monthly restitution obligations. Although notified of defendant's payment non-compliance and actions the probation office was taking to address her non-compliance, I agreed no further action be taken at that time. Unfortunately, defendant reportedly stated at the meeting that the proposed spending limitations were "outrageous," but she agreed to pay her monthly court-ordered restitution provided she did not have to have additional interactions with the Financial Litigation Unit of the United States Attorney's Office. Accordingly, it is unfortunate and deeply troubling that this meeting has not resulted in any lasting behavioral changes by the defendant or even a good faith effort to bring herself into compliance.

## CONCLUSIONS

Defendant's most serious violation falls into the category of a Grade C violation. Under §7B1.3(a)(2), the court has the discretion to modify conditions, extend the term of supervision, or revoke supervision. Defendant's criminal history category is I. With a Grade C violation, she has an advisory guideline range of imprisonment of 3 to 9 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is two years per count because her offenses of conviction are a Class C and D felony respectfully. Under 18 U.S.C. § 3583(h), another term of supervision is authorized to follow any term of imprisonment imposed upon revocation for both counts of conviction.

After reviewing the written submissions of the probation office and considering the arguments of the parties, including defendant's statements, I will continue her supervision at this time, subject to the defendant immediately sharing financial information for the probation office

to prepare a modification in the amount of defendant's monthly installment payments, if any, and defendant to bring her budget into compliance in order to make payment of these amounts timely and in full over whatever other priorities she may have. If defendant continues her purposeful disregard of the instructions given by the probation officer and this court, future revocation is likely.

ORDER

IT IS ORDERED that the 3-year concurrent term of supervised release imposed in defendant's case on August 7, 2018, is CONTINUED.

Entered this 22nd day of September, 2022.

BY THE COURT:

WILLIAM M. CONLEY
District Judge